IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JENNIFER RENO,

                Plaintiff,

v.

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

                Defendant.

OPINION and ORDER

19-cv-387-jdp

---

    Plaintiff Jennifer Reno purchased a home insurance policy from defendant Allstate Property and Casualty Insurance Company. When a fire damaged Reno's property, she submitted a claim to Allstate for more than $86,000, but Allstate agreed to pay only about $17,000. Reno sued Allstate, asserting claims for breach of contract, bad faith, violation of Wis. Stat. § 628.46, and punitive damages. Dkt. 1-2. Allstate now moves to bifurcate the case, try the breach of contract claim separate from the other claims, and stay discovery on all claims except for breach of contract. Dkt. 12.

    The court will deny the motion. All four claims hinge on the nature of Reno's property damage and interpretation of the same policy language. The only difference is that Reno's claims for tortious bad faith and punitive damages also require evidence of defendant's mental state.[1]

---

[1] *See Brethorst v. Allstate Prop. & Cas. Ins. Co.*, 2011 WI 41, ¶ 36, 334 Wis. 2d 23, 798 N.W.2d 467 (to prove bad faith, plaintiff must establish that there was no reasonable basis to deny the claim and that the insurer knew or recklessly failed to ascertain that the claim should have been paid); *Weiss v. United Fire & Cas. Co.*, 197 Wis. 2d 365, 541 N.W.2d 753 (1995) (to be entitled to punitive damages, a plaintiff must show that the insurer not only acted in bad faith, but also with an "evil intent" or "something in the nature of special ill-will or wanton disregard of duty or gross or outrageous conduct.")

Allstate says that it will be prejudiced if the claims are not bifurcated because breach of contract is a prerequisite to all the other claims, and because litigation of the bad faith claim would entitle Reno to discovery of Allstate's claims adjustment process, including attorney-client communications. Allstate relies on a number of state court cases that applied Wisconsin procedural rules to bifurcate claims against an insurer and stay discovery on the bad faith claims. *See e.g. Dahmen v. Am. Family Mut. Ins. Co.*, 2001 WI App 198, ¶ 12, 247 Wis. 2d 541, 635 N.W.2d 1. But Allstate concedes that these cases are not controlling in federal court. *See Wallace v. McGlothan*, 606 F.3d 410, 419 (7th Cir. 2010) ("a federal court sitting in diversity is bound by state substantive law but applies its own procedural rules.") (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). And because staying discovery on the non-contract claims could substantially delay the resolution of the litigation, this court has regularly denied similar requests to stay discovery from other defendant insurance companies.[2] The court sees no reason to depart from its general practice here.

Allstate is still free to file a motion for summary judgment on the contract claim, which, if granted, would result in resolution of the entire case. If Reno's claims survive summary judgment, Allstate is free to move for bifurcation of the claims at trial.

---

[2] *E.g., Xiong v. State Farm Fire & Cas. Co.*, No. 12-cv-115-wmc, 2012 WL 12995657 (W.D. Wis. May 29, 2012); *Beigl v. Transamerica Life Ins. Co.*, No. 09-cv-669-slc, 2010 WL 2196970 (W.D. Wis. May 28, 2010).

ORDER

IT IS ORDERED that defendant Allstate Property and Casualty Insurance Company's motion to bifurcate the claims and stay discovery, Dkt. 12, is DENIED without prejudice to refiling a motion to bifurcate trial as part of a motion for summary judgment.

Entered July 30, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge